UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IUNU LLC,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>IUNU Lights Inc. and CHRISTOPHER J. GEDDES,<br><br>    Defendants,<br><br>    v.<br><br>ADAM GREENBERG and KYLE ROONEY,<br><br>    Counterclaim Defendants. | CASE NO. C15-889 MJP<br><br>ORDER REMANDING CASE |

THIS MATTER comes before the Court on Defendants' Motion to Remand to state court. (Dkt. No. 3.) Having reviewed the Motion, Counterclaim Defendants' Response (Dkt. No. 13), Defendants' Reply (Dkt. No. 15), and all related papers, the Court hereby GRANTS the Motion and Defendants' request for attorney's fees and REMANDS the case.

ORDER REMANDING CASE- 1

1          Plaintiff IUNU, LLC's state court complaint did not include any federal claims. (See Dkt.

2   No. 9.) Defendants' Answer asserted counterclaims against Plaintiff and two founders of

3   Plaintiff, Adam Greenberg and Kyle Rooney, including federal trademark claims. (See Dkt. No.

4   1, Ex. A.) The Counterclaim Defendants Adam Greenberg and Kyle Rooney (presumably with

5   the consent of Plaintiff and Counterclaim Defendant IUNU, LLC) removed this action based on

6   the federal trademark counterclaims. (See Dkt. No. 1.) Counterclaim Defendants Greenberg and

7   Rooney now contend the case was properly removed because the claims against them arise under

8   federal law. (Dkt. No. 14 at 9–12.)

9          Courts "strictly construe the removal statute against removal jurisdiction," and the

10  removing party "always has the burden of establishing that removal is proper." Gaus v. Miles,

11  Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Since the Supreme Court's decision in Shamrock Oil &

12  Gas Corporation v. Sheets, . . . 'defendant' for purposes of designating which parties may

13  remove a case under § 1441 has been limited by a majority of the courts to mean only 'original'

14  or 'true' defendants; 'defendant' in [the chapter of the Judicial Code that includes § 1441],

15  thereby, excludes plaintiffs and non-plaintiff parties who become defendants through a

16  counterclaim." Westwood Apex v. Contreras, 644 F.3d 799, 804 (9th Cir. 2011) (citation omitted

17  and emphasis added). Thus, Counterclaim Defendants Greenberg and Rooney could not remove

18  the case based on the counterclaims against them.

19         Plaintiff and Counterclaim Defendants have now filed a Motion to Amend their

20  Complaint and have asserted federal trademark claims against Defendant in their proposed

21  Amended Complaint. (See Dkt. No. 11, Ex. 2.) Because removability is determined at the time of

22  the notice of removal, arguments based on the amended complaint are unavailing. Abada v.

23  Charles Schwab & Co, Inc., 300 F.3d 1112, 1117 (9th Cir. 2012) ("In determining the existence

24

ORDER REMANDING CASE- 2

1 of removal jurisdiction, based upon a federal question, the court must look to the complaint <u>as of
2 the time the removal petition was filed</u>. Jurisdiction is based on the complaint as originally filed
3 and not as amended.") (citation and quotation marks omitted).

4       The Court also GRANTS Defendants' request for attorney's fees pursuant to 28 U.S.C. §
5 1447(c) because removal was not objectively reasonable under controlling 9th Circuit law.
6 Defendants' counsel shall submit a declaration detailing its recoverable costs, expenses, and
7 attorney's fees incurred as a result of removal within ten (10) days of this Order.

9       The clerk is ordered to provide copies of this order to all counsel.
10       Dated this 23rd day of July, 2015.

                                                                   Marsha J. Pechman
                                                                   Chief United States District Judge